IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN NEAL GLASPIE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:18-cv-01218-S (BT) |
| | § | |
| PRECIOUS LACHONE | § | |
| GLASPIE et al., | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This *pro se* civil action has been referred to the United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b) and a standing order of the District Court. The findings, conclusions, and recommendation of the magistrate judge follow:

I.

Plaintiff filed this complaint under 18 U.S.C § 1001, 15 U.S.C. § 1692, and 47 U.S.C. § 223. He is proceeding *pro* se, and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Plaintiff's brother, Anthony Glaspie ("Anthony"), his sister Precious Lachone Glaspie ("Precious"), and his niece Torie Glaspie ("Torie"). The Court has not issued process pending judicial screening. For the following reasons, the Court recommends that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff states Precious destroyed his headboard, refused to compensate him, and perjured herself during a court proceeding. He also claims Precious stated she would pursue a lawsuit against medical personnel for the death of their mother, but Plaintiff learned this year that she is not pursuing the lawsuit. Plaintiff claims Precious also wrongfully tried to evict him, harassed him, and orchestrated a family violence charge against him. Plaintiff states Torie testified untruthfully in court by stating that Precious did not destroy Plaintiff's property. He alleges Torie also hit him and harassed him. Plaintiff states Anthony disposed of Plaintiff's car without Plaintiff's consent, and that Anthony slandered and harassed him. Plaintiff seeks "just compensation." (ECF No. 7 at 2.)

II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a

complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III.

Plaintiff filed this complaint under: (1) 18 U.S.C. § 1001, which is a criminal statute prohibiting false statements involving any matter within the jurisdiction of the executive, legislative, or judicial branch of the federal government; (2) 15 U.S.C. § 1692, which is a criminal statute prohibiting obscene or harassing phone calls in the District of Columbia, interstate or foreign communications; and (3) 47 U.S.C. § 223, which states that the purpose of the statute is to eliminate abusive debt collection practices by debt collectors.

To the extent Plaintiff seeks an investigation or prosecution of Defendants under 18 U.S.C. § 1001 or 15 U.S.C. § 1692, his claim is without merit. Investigations and prosecutions of state and federal offenses fall within the exclusive jurisdiction of the executive branch of the state and federal government. *Green v. Revel*, No. 2:09-CV-0147, 2010 WL 597827 at *2 (N.D. Tex. Feb. 19, 2010). Further, these statutes contain no provision providing a private right of action or compensation. Also, 15 U.S.C. § 1692 prohibits abusive collection efforts by debt collectors. Plaintiff has made no allegation that Defendants are debt collectors or that Defendants have used abusive efforts to collect a debt from him. Plaintiff's complaint should be summarily dismissed.

IV.

The Court recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed June 20, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The Court directs the United States District Clerk to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

4